The AETNA CASUALTY & SURETY COMPANY, Appellant,

v.

Charles W. COLEMAN, Appellee.

No. 6990.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 5, 1968.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Seale & Stover, Jasper, for appellee.

STEPHENSON, Justice.

This is a suit brought under the Workman's Compensation Law. Trial was by jury and plaintiff recovered judgment for total and permanent disability. The parties will be referred to here as they were in the trial court.

The only points of error raised on this appeal are that the finding of the jury that plaintiff received an injury in the course of his employment with Owens-Illinois was supported by no evidence, that the evidence was insufficient to support such finding, and that such finding was contrary to the great weight and preponderance of the evidence.

In passing upon the "no-evidence" point, we consider only the evidence favorable to the finding of the jury. The plaintiff testified to the following: That he had never had any trouble with his back before, and had never had a claim for back injury or any kind of lawsuit. That on the 15th day of December, 1966, he was working for Owens-Illinois in a labor gang with two other men. At the time of his accident, plaintiff and one of the men named Clarence Jones were pushing a creosote telephone pole or piling, up a hill with their hands. The pole was in a ditch and they were pushing it up an embankment about six or seven feet to the top. It had been raining and the ground was wet and when they got the pole about half way up the bank, plaintiff slipped and felt a catch in his low back. That plaintiff could not straighten up for about thirty minutes. He told Clarence Jones his back was hurt. Clarence called "Mr. Bill," one of the foremen, and when he came over, plaintiff told him. Then later, Mr. Shirley, the supervisor, came over and plaintiff told him that he had hurt his back, and how the accident happened. Mr. Shirley told plaintiff to go ahead and finish the day (four-thirty), which he did. Mr. Shirley had a man come over with a bulldozer and finish moving the poles. About eight of the poles had been moved when the accident occurred. After work, plaintiff rode home in a car with Clarence Jones. Plaintiff ate supper and then went by taxi to see a doctor. Plaintiff went back to work the next day, and did nothing heavy. He told Mr. Shirley his back was still hurting and was again told to go ahead and see if he could finish the day. Plaintiff told Mr. Shirley he

needed to see a doctor, but was not sent to one. Shirley let him off at the end of that day, because he couldn't do the work. A day or two later plaintiff went to see his attorney who sent him to see Dr. Popejoy. Later he was sent to the hospital where he spent 28 or 29 days under this doctor's care. Plaintiff was placed in traction while in the hospital. Dr. Popejoy prescribed a brace or corset for him and he wore it all of the time and was still wearing it.

Dr. Lee T. Popejoy testified in part as follows: He first saw the plaintiff December 29, 1966. He took a history from plaintiff and was told plaintiff attempted to move some heavy timber while working for Owens-Illinois in Orange County, Texas, on or about December 15, 1966 at 2:30 p. m., when he noted that something tore loose in his lower back region. That plaintiff was in moderate distress and walked with a kind of guarded gait. Among other things he found muscle spasms in the lower back. That area was tender and upon touching it the spasm would tend to get worse and plaintiff would complain. The knee jerk reflexes were increased on both sides and the achilles tendon reflex was increased. He gave plaintiff the straight leg raising test and the right side was definitely decreased. He prescribed anti-arthritic medicine, ultrasonic physical therapy and traction. He diagnosed traumatic arthritis in plaintiff's back. There appeared to be a fracture line in the first x-rays taken, and a calcium formation at the same place in a second set of x-rays taken about three weeks later. In his opinion, plaintiff had sustained a recent injury when he first saw him. That plaintiff had suffered total and permanent disability from the injury of December 15, 1966.

Clarence Jones, called by defendant, testified: That plaintiff told him that afternoon in the car that he was going to see a doctor that afternoon. That day their job was to move some timber or creosote poles up out of the ditch onto a railroad bed. That during that time, plaintiff was complaining about his back hurting.

Robert Martin, called by defendant, testified: Plaintiff said his back was hurting.

■ All of the foregoing evidence supported the finding by the jury that plaintiff sustained an injury in the course of his employment with Owens-Illinois. The point is overruled.

In passing upon the other two points of error, the court will consider the entire record. Both Clarence Jones and Robert Martin testified that they did not see plaintiff sustain an injury, and that plaintiff never said anything to them about hurting his back while working for Owens-Illinois. The foreman on the job, Earl William Crawford, testified plaintiff worked under him at the time, and did not report to him that he had hurt his back. The superintendent, Elmer H. Shirley testified: Plaintiff never said anything to him about hurting his back on the job. That plaintiff did not ask to be sent to a doctor. He did not see plaintiff involved in an accident. That the creosote poles were moved with a dozer. All of this evidence did no more than raise an issue for the jury to determine which it did favorably to plaintiff. We do not find such answer of the jury to be so contrary to the evidence as to be clearly wrong or manifestly unjust.

Affirmed.